**In re LINEAS AEREAS DE NICARAGUA, Debtor.**

**Bankruptcy No. 81–00561–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 15, 1983.

Robert Schatzman, Coral Gables, Fla., for foreign representative.

Phillip L. Brawner, Miami, Fla., for creditor.

Wright & Silverio, Miami, Fla., for debtor.

## ORDER DENYING MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE

THOMAS C. BRITTON, Bankruptcy Judge.

Compania Interamericana Export-Import, S.A., a judgment creditor, has moved for payment, as an administrative expense from this estate, of a state court special master's fee of $10,000. The reasonableness of that fee, fixed by the state court, is not disputed. The motion was heard on April 11.

When the debtor filed its petition in this court, it had an action pending in the state court against movant. Two years ago, this court granted the parties leave to proceed to judgment in the state court. Movant has secured a judgment against the debtor for $2.8 million on its counterclaim in that action. On February 14, 1983, the state court fixed the fee for the special master and provided that:

> "the parties . . . are jointly and severally liable for the payment of the fees awarded to the Special Master as set forth above."

Until and unless the state court provides otherwise, I shall assume that it intended that each party pay $5,000 but if any part of that sum was not collectible from either party, the other party would remain liable for the entire fee.

■ It is clear, at least to me, that this expense is not an administrative expense as that term is used in bankruptcy. 11 U.S.C. § 503(b). The expense is a part of movant's judgment claim and is entitled to the same treatment its judgment is entitled to. Both are unsecured claims, payable after the six priorities provided by § 507. § 726(a)(2).

■ Alternatively, movant has argued that the special master's fee falls within the first priority as a "fee . . . assessed against the estate under chapter 123 of title 28". § 507(a)(1). I cannot agree. This statute prescribed the costs taxable in federal court actions. Although this statute permits the taxation of the fee for a special master

appointed in a federal court action, neither the statute nor § 507(a)(1) have any applicability to the fee for a special master appointed by a state court and assessed against the debtor by a state court.

The motion is denied.